```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

  UNITED STATES OF AMERICA,

                  -against-                        MEMORANDUM & ORDER
                                                     22-CR-194(EK)
  LUAN BEXHETI,

                  Defendant.

-------------------------------------x
```

ERIC KOMITEE, United States District Judge:

Defendant Luan Bexheti pleaded guilty to conspiracy to engage in extortionate collection of credit. He received a sentence of 120 days' imprisonment, which he began serving on or about July 7, 2024. He now moves for compassionate release on or before October 15, 2024. For the reasons stated below, the motion is denied.

## I.  Legal Standard

A motion for compassionate release is governed by 18 U.S.C. § 3582(c)(1)(A). Under that provision, a defendant must clear two initial hurdles. *See United States v. Schwarzkopf*, No. 21-CR-117, 2022 WL 706508, at *1 (E.D.N.Y. Mar. 9, 2022). First, he must satisfy Section 3582's "statutory exhaustion requirement." *United States v. Fernandez*, 853 F. App'x 730, 732 (2d Cir. 2021) (summary order). Second, he must show "extraordinary and compelling reasons" for a sentence reduction

"consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A)(i).

## II.  Discussion

### A.  Exhaustion of Administrative Remedies

To satisfy the exhaustion requirement, a defendant must first ask the Bureau of Prisons ("BOP") to move for compassionate release on his behalf.  *See United States v. Sosa*, No. 18-CR-229, 2020 WL 4252683, at *1 (E.D.N.Y. July 24, 2020).  The defendant may then seek relief in district court after a full administrative appeal of the BOP's "failure . . . to bring a motion on [his] behalf," or after thirty days have elapsed since the initial request to the prison warden, whichever comes earlier.  18 U.S.C. § 3582(c)(1)(A).  Bexheti has not submitted any documentation of an initial request to the BOP.  "Absent proof that such a request was made, the Court cannot verify that [Bexheti] has exhausted his administrative remedies."  *Sosa*, 2020 WL 4252683, at *1.  Thus, Bexheti's motion flouts Section 3582's exhaustion requirement.

But the failure to exhaust is not necessarily fatal.  Section 3582's exhaustion requirement is a claim-processing rule, not a jurisdictional bar.  *United States v. Saladino*, 7 F.4th 120, 121 (2d Cir. 2021).  So, courts may waive it, especially when "the time remaining in a sentence [is] short enough that requiring exhaustion would deny relief altogether or

come close to doing so." *United States v. Johnson*, 671 F. Supp. 3d 265, 278 (E.D.N.Y. 2023) (collecting cases).  Here, Bexheti has (at most) thirty days remaining on his sentence, and only eleven days before his preferred October 15 release date.  Because Section 3582 permits the BOP to consider a compassionate release request for up to thirty days, denying Bexheti's motion on exhaustion grounds would effectively foreclose any relief.  Accordingly, Bexheti's failure to exhaust does not — on its own — render him ineligible for compassionate release.  *See United States v. Griffin*, No. 22-CR-408, 2024 WL 2891686, at *2 (E.D.N.Y. June 10, 2024).  The Court therefore reaches the merits of his motion.

**B.   "Extraordinary and Compelling Reasons"**

A defendant may show an "extraordinary and compelling" reason for a sentence reduction by, among other things, pointing to the "incapacitation of the caregiver of the defendant's minor child."  U.S.S.G. § 1B1.13(b)(3)(A).  Here, Bexheti states that his minor daughter is scheduled for eye surgery on October 17, 2024, and that unless he is released his wife will be "left alone to care for [his daughter] and her younger brother."  Def.'s Mot. Letter 1-2, ECF No. 215.  Yet, Bexheti has not claimed — let alone demonstrated — that his wife would be incapable of caring for his daughter in his absence.  Therefore, he has not demonstrated the "extraordinary and compelling"

reason required to qualify for compassionate release.  *See United States v. Romano*, 707 F. Supp. 3d 233, 237-38 (E.D.N.Y. 2023) (denying compassionate release where defendant had not shown that his father would lack adequate care after receiving radiation treatments).

### III. Conclusion

For the foregoing reasons, Bexheti's motion for compassionate release is denied.

SO ORDERED.

    /s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:    October 4, 2024
           Brooklyn, New York